O

JS - 6

cc: Los Angeles Superior Court, West District, Santa Monica, No. 13R05223

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUTURE IN-SITE REALTY ASSOCIATES, INC., dba FUTURE VISION DEVELOPMENT GROUP,<br><br>            Plaintiff,<br><br>   v.<br><br>SCOTT ALAN TRUST; YOHKO SCOTT,<br><br>            Defendants.<br>_____ | Case No. CV 13-06584 DDP (AGRx)<br><br>**ORDER GRANTING MOTION FOR REMAND**<br><br>[DKT No. 7] |

    Plaintiff initiated this unlawful detainer action against Defendants on July 8, 2013 in Los Angeles Superior Court concerning property located at 8220 Jason Ave., Canoga Park, CA 91304. Defendants removed to this court on September 9, 2013.

    A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The removal statute is strictly

construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant always bears the burden of establishing that removal is proper. Id.

Defendants assert that this case implicates a federal question and that jurisdiction may therefore be exercised under 28 U.S.C. § 1331 because Plaintiff's Notice to Quit, which preceded the unlawful detainer action, mentions the Protecting Tenants at Foreclosure Act of 2009 ("the PTFA"). (Opp. at 3; Request for Judicial Notice in Support of Motion., Ex. 1, "Notice to Quit."[1]) "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (quotation, citation, and alteration omitted). In the present case, no federal question appears from the face of the complaint. Instead, Plaintiff's unlawful detainer action was brought pursuant only to California law. (See Mot., Ex 1, "Complaint for Unlawful Detainer – Foreclosure," citing California Code of Civil Procedure § 1161.)

Moreover, Defendant's argument that the PTFA is drawn into controversy is premised on Defendants' anticipated defense that "Plaintiff did not allow the ninety day period [required by the PTFA] to elapse before filing her claim." (Notice of Removal ¶ 7.) However, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense: 'It is not enough that the plaintiff

---

[1] Plaintiff's unopposed request for judicial notice, DKT. No. 7, is hereby granted.

2

alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law].'" <u>Discover Bank</u> at 60, quoting <u>Louisville & Nashville R. Co. v. Mottley</u>, 211 U.S. 149, 152 (1908).

    Accordingly, the court REMANDS this case to state court.

IT IS SO ORDERED.

Dated: November 5, 2013

                              DEAN D. PREGERSON
                              United States District Judge